L. Edward Humphrey, Esq. - NV Bar 9066
Christopher L. Blandford, Esq. - NV Bar 14482
**HUMPHREY LAW PLLC**
201 W. Liberty Street, Suite 350
Reno, Nevada 89501
Tel:  775.420.3500
Fax: 775.683.9917
ed@hlawnv.com
clb@hlawnv.com
*Attorneys for The CIMA Group LLC*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>CWNEVADA LLC,<br><br>Debtor. | Case No. BK-19-12300-MKN<br><br>Chapter 11 |

### NOTICE OF 2004 EXAMINATION AND ISSUANCE OF SUBPOENA FOR RULE 2004 EXAMINATION

**PLEASE TAKE NOTICE** that on the 19th day of April 2019, the Bankruptcy Court entered an Order authorizing The Cima Group LLC to conduct a 2004 Examination of Brian C. Padgett. A copy of the Court's Order is attached hereto as **Exhibit "1"**. The Rule 2004 Examination of Brian C. Padgett is currently scheduled for May 3, 2019 at 10:30 a.m.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Federal Rule of Civil Procedure 45, The Cima Group LLC intends to serve a Subpoena for Rule 2004 Examination upon Brian C. Padgett. A copy of the Subpoena is attached hereto as **Exhibit "2"**.

DATED: April 19, 2019.

                                           **HUMPHREY LAW PLLC**

                                By: */s/ L. Edward Humphrey*
                                    L. Edward Humphrey, Esq.
                                    *Attorneys for The CIMA Group LLC*

1

## LIST OF EXHIBITS

Exhibit 1 –   Order Granting Ex Parte Application for Order Authorizing Rule 2004 Examination of Brian C. Padgett

Exhibit 2 -   Subpoena for Rule 2004 Examination

## CERTIFICATE OF SERVICE

1. I have served a copy of the foregoing document(s) filed in the above captioned case to the persons/parties and in the manner and on the dates listed in the paragraph below:

☒ **ECF System,** on April 19, 2019 to all those persons registered with the Court's CM/ECF system in this case, which served the following parties electronically:

Michael D. Mazur, Counsel for CWNEVADA LLC

☒ **United States mail, First-Class, postage fully prepaid**, deposited for mailing at Reno, Nevada on April 19, 2019, to all those persons listed below:

Michael D. Mazur  
CWNEVADA LLC  
4145 Ali Baba Lane, Ste. A  
Las Vegas, NV 89146

Michael D. Mazur  
Mazur and Brooks  
2335 Red Rock Street, Ste. 100  
Las Vegas, NV 89146

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED:  April 19, 2017.

HUMPHREY LAW PLLC

By: /s/ *Caroline Carter*
Caroline Carter, Paralegal

3

# EXHIBIT 1

# EXHIBIT 1

*Mary A Schott*

Mary A. Schott
Clerk of Court



Entered on Docket
April 19, 2019

L. Edward Humphrey, Esq. - NV Bar 9066
Christopher L. Blandford, Esq. - NV Bar 14482
**HUMPHREY LAW PLLC**
201 W. Liberty Street, Suite 350
Reno, Nevada 89501
Tel: 775.420.3500
Fax: 775.683.9917
ed@hlawnv.com
clb@hlawnv.com
*Attorneys for The CIMA Group LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In Re: | Case No. BK-19-12300-MKN |
|---|---|
| CWNEVADA, LLC, | Chapter 11 |
| Debtor. | **ORDER GRANTING EX PARTE APPLICATION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION OF BRIAN C. PADGETT** |

THE CIMA GROUP LLC ("CIMA"), having filed an *Ex Parte Application for Order Authorizing Rule 2004 Examination of Brian C. Padgett* ("Application"), requiring BRIAN C. PADGETT, as Manager of BCP Holdings 7, LLC (the Manager of the Debtor), and individually ("Padgett") to appear at a location to be designated in Las Vegas, Nevada, on May 3, 2019 at 10:30 a.m., and to continue from day to day thereafter until completed, and good cause appearing,

IT IS HEREBY ORDERED that the Application is GRANTED, and that Padgett shall appear at a location to be designated in Las Vegas, Nevada, on May 3, 2019 at 10:30 a.m., or a

1

day that is more than fourteen (14) days after the filing of the Application, and to continue from day to day thereafter until completed, for examination under Fed. R. Bankr. P. 2004.

Submitted by:

**HUMPHREY LAW PLLC**


<u>BY: /s/ L. EDWARD HUMPHREY</u>
L. EDWARD HUMPHREY, ESQ.
*ATTORNEY FOR THE CIMA GROUP LLC*

2

# EXHIBIT 2

EXHIBIT 2

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT
Southern District of Nevada

In re __CWNEVADA LLC__
Debtor

Case No. __BK-19-12300-mkn__

Chapter __11__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __BRIAN C. PADGETT, individually and as Manager of BCP Holdings 7, LLC manager of Debtor__
*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Law Offices of McDonald Carano<br>2300 W. Sahara Avenue, Ste. 1200<br>Las Vegas, Nevada 89102 | May 3, 2019 at 10:30 a.m. |

The examination will be recorded by this method: __Audio and Visual__

[X] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __April 19, 2019__

CLERK OF COURT

_____    OR    __/s/ L. Edward Humphrey__
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __The CIMA GROUP LLC__, who issues or requests this subpoena, are: L. Edward Humphrey
201 W. Liberty Street, Suite 350, Reno, NV 89501 - 775-420-3500

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# **EXHIBIT "A"**

1. Copies of CWNEVADA, LLC's Operating Agreement and any amendments thereto.

2. Copies of CWNEVADA, LLC's By-laws and any amendments thereto.

3. Copies of any Corporate Resolutions for CWNEVADA, LLC from January 1, 2017 to the present.

4. Copies of all documents evidencing a policy of insurance under which CWNEVADA, LLC is a named insured, including (without limitation) all property, casualty, errors and omissions, worker's compensation, product liability, and general liability policies.

5. Copies of all documents evidencing any notice of cancellation or threatened cancellation of any policy of insurance under which CWNEVADA, LLC is a named insured, including (without limitation) all property, casualty, error and omissions, worker's compensation, product liability, and general liability policies.

6. Copies of all documents evidencing a policy of insurance under which any affiliate of CWNEVADA, LLC is a named insured, including (without limitation) all property, casualty, errors and omissions, worker's compensation, product liability, and general liability policies. For purpose of this Request the term "affiliate" shall have the meaning set forth in 11 U.S.C. § 101(2).

7. Copies of all documents evidencing any notice of cancellation or threatened cancellation of any policy of insurance under which any affiliate of CWNEVADA, LLC is a named insured, including (without limitation) all property, casualty, error and omissions, worker's compensation, product liability, and general liability policies. For purpose of this Request the term "affiliate" shall have the meaning set forth in 11 U.S.C. § 101(2).

8. Copies of all documents evidencing all distributions, transfers, and/or payments of any money or property of any kind from CWNEVADA, LLC to any member, manager, equity holder, investor, affiliate, and/or insider since January 1, 2017. For the purpose of this Request the term "insider" shall have the meaning set forth in 11 U.S.C § 101(31). For purpose of this Request the term "transfer" shall have the meaning set forth in 11 U.S.C. § 101(54). For purpose of this Request the term "affiliate" shall have the meaning set forth in 11 U.S.C. § 101(2).

9. Copies of all documents that evidence any distributions, transfers, and/or payments of any money or property of any kind that benefited any member, manager, equity holder, investor, affiliate, and/or insider since January 1, 2017. For the purpose of this Request the term "insider" shall have the meaning set forth in 11 U.S.C § 101(31). For purpose of this Request the term "transfer" shall have the meaning set forth in 11 U.S.C. § 101(54). For purpose of this Request the term "affiliate" shall have the meaning set forth in 11 U.S.C. § 101(2).

10. Copies of all documents that evidence CWNEVADA, LLC's investment, membership interest, stockholder interest, in any other entity.

11. Copies of the Operating Agreement and any amendments thereto for any affiliate of CWNEVADA, LLC. For purpose of this Request the term "affiliate" shall have the meaning set forth in 11 U.S.C. § 101(2).

12. Copies of all documents evidencing any investment in CWNEVADA, LLC made by YOU or any company in which you are an officer, member, or manager of since January 1, 2017.

13. Copies of all documents supporting YOUR filing of a UCC Financing Statement on or about February 1, 2017 as Document No. 2017002982-9 in which YOU claim a security interest in the property of Debtor. For purpose of this Request the terms "YOU" and "YOUR" shall mean Brian C. Padgett.

14. Copies of all documents evidencing any capital contribution in CWNEVADA, LLC made by any person. For purpose of this Request the term "person" shall have the meaning set forth in 11 U.S.C. § 101(41).

15. Copies of all documents evidencing the issuance of membership interests in CWNEVADA, LLC since its formation. For the purpose of this Request, the term "membership interest" includes all classes and types of members, including without limitation, voting members and economic interest holders only.

16. Copies of all documents evidencing the transfer of any membership interest in CWNEVADA, LLC since January 1, 2017. For the purpose of this Request, the term "membership interest" includes all classes and types of members, including without limitation, voting members and economic interest holders only. For purpose of this Request the term "transfer" shall have the meaning set forth in 11 U.S.C. § 101(54).

17. Copies of all documents evidencing the redemption by Debtor of any of its membership interests, issued to any person since January 1, 2017. For purpose of this Request the term "person" shall have the meaning set forth in 11 U.S.C. § 101(41).

18. Copies of all documents evidencing the election of all persons or entities who have served as the Manager of CWNEVADA, LLC since March 28, 2014.

19. Copies of all documents evidencing the removal of all persons or entities who have served as the Manager of CWNEVADA, LLC since March 28, 2014.

20. Copies of all tax returns for CWNEVADA, LLC for tax years 2017 and 2018.

21. Copies of all documents evidencing any communications between CWNEVADA, LLC and its investors, members, and/or equity holders since January 1, 2017.

22. Copies of all documents evidencing loans made to CWNEVADA, LLC by anyone from since its formation.

22.    Copies of all documents evidencing any loans YOU or any company in which you are an officer, stockholder, member or manager of have made to CWNEVADA, LLC since January 1, 2017.

23.    Copies of all written agreements, including but not limited to, employment contracts between YOU and the Debtor.

24.    Copies of all documents in YOUR possession, custody, or control that describe, memorialize, or are otherwise relating to any payments made by CWNEVADA, LLC and/or any affiliate of CWNEVADA, LLC on YOUR behalf.  For purpose of this Request the term "affiliate" shall have the meaning set forth in 11 U.S.C. § 101(2).  For purpose of this Request the term "YOUR" shall mean Brian C. Padgett.

25.    Copies of all documents of any kind evidencing payments made by CWNEVADA, LLC and/or any affiliate of CWNEVADA, LLC to YOU or any company in which YOU are an officer, stockholder, member or manager of or have an equity interest in since January 1, 2017.  For purpose of this Request the term "affiliate" shall have the meaning set forth in 11 U.S.C. § 101(2).  For purpose of this Request the term "YOU" shall mean Brian C. Padgett.

26.    Copies of any and all loan applications submitted to any lender of money by CWNEVADA, LLC since January 1, 2017.

27.    Copies of all documents evidencing communications between CWNEVADA, LLC and any lender or potential lender from which CWNEVADA, LLC sought any type of funding since January 1, 2017.

28.    Copies of any and all applications for any type of bond submitted by CWNEVADA, LLC to any bonding or insurance company for the issuance of a performance bond, including but not limited to CWNEVADA, LLC's application for an appeal bond, since January 1, 2017.

29. Copies of all documents evidencing any debt and/or liability of CWNEVADA, LLC that has been paid by CWNV, LLC since January 1, 2017.

30. Copies of all documents evidencing any debt and/or liability of CWNEVADA, LLC that YOU have paid since January 1, 2017.

31. Copies of all documents evidencing any debt and/or liability of YOURs that CWNEVADA, LLC has paid since January 1, 2017. For purpose of this Request the term "YOUR" shall mean Brian C. Padgett.

32. Copies of all bank statements in which money belonging to CWNEVADA, LLC has been deposited since January 1, 2017.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.: